## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between the United States of America, acting through the United States Attorney's Office for the Southern District of Georgia ("United States"); and Jeffrey Sponseller, O.D. of Augusta, Georgia ("Jeffrey Sponseller") and Sponseller Eye Care One, P.C. d/b/a Eye Care One ("Eye Care One"), S&H Eye Care, LLC d/b/a Eye Care One ("S & H"), Tracie Sponseller, .O.D., and Matthew Haubert, O.D.[1] (hereafter collectively referred to as the "Parties"), through their authorized representatives.

## RECITALS

A.   Jeffrey Sponseller is a doctor of optometry who has practiced optometry in the past in Georgia and South Carolina. Sponseller was previously the owner of Eye Care One. Tracie Sponseller and Matthew Haubert are the current owners of S&H Eye Care One.

B.   On January 8, 2014, the United States filed a civil action against Jeffrey Sponseller, Eye Care One, and Eye Care One's successor entity, S & H Eye Care, LLC d/b/a Eye Care One (hereafter collectively referred to as "Defendants") captioned *United States of America v. Sponseller, et al.*, Docket No. 1:14-CV-00004-JRH-BKE (the "Civil Action").

C.   The United States contends that Jeffrey Sponseller submitted or caused to be submitted claims for payment to the Medicare Program ("Medicare"), Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1; the Medicaid Program

---

[1] Although not named in the Civil Action 1:14-CV-00004, referenced in Paragraph B hereto, Tracie Sponseller, O.D. and Matthew Haubert, O.D. are parties to this Settlement Agreement, as well.

("Medicaid"), 42 U.S.C. §§ 1396-1396w-5; and the Railroad Retirement Medicare Program ("RRB"), administered under the Railroad Retirement Act of 1974, 45 U.S.C. §§ 231-231v, by the United States Railroad Retirement Board.

D. The United States contends that it has certain civil claims against Defendants arising from the submission of claims for CPT codes 99306, 92285, and 92250 when the requisite services were either not performed at all or were inadequately performed and failed to meet the requirements established by Medicare, Medicaid and/or RRB guidelines, from January 1, 2008, through February 24, 2011, in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733. That conduct is referred to below as the "Covered Conduct."

E. For purposes of this Agreement, the "criminal action" referred to herein is specifically identified as *United States of America v. Jeffrey Sponseller*, Docket No. 1:13CR34. On February 20, 2013, Sponseller pleaded guilty to Count One of the information charging him with false claims in violation of 18 U.S.C. § 287, False, Fictitious or Fraudulent Claims. *See* Criminal Action No.: 1:13CR34, Docs. 1, 7, 26. Jeffrey Sponseller was sentenced to 33 months imprisonment, supervised release for a term of 3 years, and the following monetary penalties were imposed: $100 assessment and restitution in the amount of $441,729.85. Upon release from imprisonment, Jeffrey Sponseller was ordered to pay a minimum of $500 per month toward any unpaid restitution.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

### PAYMENT BY EYE CARE ONE

1. Eye Care One and S&H Eye Care shall, within 10 days of the Effective Date of the signing of this Agreement make a one-time lump sum payment to the United States in the sum of twenty-five thousand dollars ($25,000.00).

2. Subject to the exceptions in Paragraph 10 (concerning excluded claims), and conditioned upon Eye Care One's full payment of the $25,000 as set forth in paragraph 1 above, the United States releases Eye Care One and S&H Eye Care, LLC from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud.

3. Subject to the exceptions in Paragraph 10 (concerning excluded claims), and conditioned upon Eye Care One and S&H Eye Care's full payment of the $25,000 as set forth in paragraph 1 above, the United States releases both Tracie Sponseller, O.D. and Matthew Haubert O.D. individually, and as present owners of S&H Eye Care One, from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud.

## PAYMENT BY JEFFREY SPONSELLER

4. Jeffrey Sponseller shall pay to the United States the sum of two hundred fifty thousand dollars ($250,000.00) ("Settlement Amount") in monthly installment payments equal to 25% of Sponseller's net monthly income[2] ("Installment Payment(s)") in accordance with a payment plan, as approved by the U.S. Attorney's Office, Southern District of Georgia, to be implemented within two (2) weeks of Jeffrey Sponseller's release from prison. All Installment Payments shall be made by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of Georgia.

5. Upon release from incarceration, Jeffrey Sponseller agrees to promptly seek employment and, once employed, to remain gainfully employed until the Settlement Amount has been paid in full.

6. The Settlement Amount is separate from, and in addition to, the restitution of $441,729.85 Jeffrey Sponseller was ordered to pay by the United States District Court in the Southern District of Georgia in the criminal action.

7. Jeffrey Sponseller agrees to provide proof of earnings from time to time and upon reasonable request to the United States for purposes of determining the amounts due hereunder. At minimum, Jeffrey Sponseller shall provide proof of earnings (e.g., paystubs, earnings statements, W-2's) on a quarterly basis of net income received during the quarter prior to reporting to the United States.

8. The installment payments shall be due and continue until the entire amount of $250,000.00 has been paid in full.

---

[2] For purposes of this Agreement, net monthly income shall be defined as gross income minus federal taxes, state taxes, social security payments, and restitution payments made in compliance with the criminal proceeding referenced in Paragraph E above.

9. Subject to the exceptions in Paragraph 10 (concerning excluded claims), and conditioned upon Jeffrey Sponseller's full payment of the Settlement Amount, the United States releases Jeffrey Sponseller from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud.

10. Notwithstanding the releases given in Paragraphs 2, 3 and 9 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

    a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability except as referenced and recognized in Paragraph E above;

    c. Except as explicitly stated in this Agreement, any administrative liability, including mandatory or permissive exclusion from Federal health care programs as to Defendant Jeffery Sponseller;

    d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct; and

    e. Any liability based upon obligations created by this Agreement.

11. Jeffrey Sponseller and Eye Care One have provided sworn financial disclosure statements (Financial Statements) to the United States and the United States has relied on the accuracy and completeness of those Financial Statements in reaching

this Agreement. Sponseller and Eye Care One warrant that the Financial Statements are complete, accurate, and current. If the United States learns of asset(s) in which Jeffrey Sponseller or Eye Care One had an interest at the time of this Agreement that were not disclosed in the Financial Statements, or if the United States learns of any misrepresentation by Jeffrey Sponseller or Eye Care One on, or in connection with, the Financial Statements, and if such nondisclosure or misrepresentation changes the estimated net worth set forth in the Financial Statements by $27,500 or more, the United States may at its option: (a) rescind this Agreement and reinstate its suit based on the Covered Conduct, or (b) let the Agreement stand and collect the full Settlement Amount plus one hundred percent (100%) of the value of the net worth of Sponseller or Eye Care One previously undisclosed. Jeffrey Sponseller and Eye Care One agree not to contest any collection action undertaken by the United States pursuant to this provision, and agree to immediately pay the United States all reasonable costs incurred in such an action, including attorney's fees and expenses.

12. In the event that the United States, pursuant to Paragraph 11 (concerning disclosure of assets), above, opts to rescind this Agreement, Sponseller and Eye Care One agree not to plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that (a) are filed by the United States within 30 calendar days of written notification to Jeffrey Sponseller and Eye Care One that this Agreement has been rescinded, and (b) relate to the Covered Conduct, except to the extent these defenses were available on January 8, 2014.

13. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

14. Jeffrey Sponseller, Eye Care One, S&H Tracie Sponseller, O.D. and Matthew Haubert, O.D. ("Releasees") fully and finally release the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Releasees have asserted, could have asserted, or may assert in the future against the United States, and its agencies, employees, servants, and agents, related to the Covered Conduct and the United States' investigation and prosecution thereof.

15. The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare or Medicaid contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier), or the RRB, related to the Covered Conduct; and Releasees agree not to resubmit to any Medicare or Medicaid contractor, or the RRB, any previously denied claims related to the Covered Conduct, and agrees not to appeal any such denials of claims.

16. Releasees agree to the following, if applicable:

   a. <u>Unallowable Costs Defined</u>: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Releasees, their present or former officers, directors, employees, shareholders, and agents in connection with:

(1) the matters covered by this Agreement and any related plea agreement;

(2) the United States' audit(s) and civil or criminal investigation(s) of the matters covered by this Agreement;

(3) The United States' investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil or criminal investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

(4) the negotiation and performance of this Agreement and any Plea Agreement; and

(5) the payments made to the United States pursuant to this Agreement;

are unallowable costs for government contracting purposes and under the Medicare Program, the Medicaid Program, TRICARE Program, Federal Employees Health Benefits Program (FEHBP), and the RRB (hereinafter referred to as "Unallowable Costs").

b. <u>Future Treatment of Unallowable Costs</u>:  Unallowable Costs shall be separately determined and accounted for by Releasees, and Releasees shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Releasees or any of their subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, FEHBP, or RRB Programs.

c. <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: Releasees further agree that within 90 days of the Effective Date of this Agreement they shall identify to applicable Medicare fiscal intermediaries, carriers, and/or contractors, FEHBP, and RRB fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Releasees or any of their subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. Releasees agree that the United States, at a minimum, shall be entitled to recoup from Releasees any overpayment plus applicable interest and penalties as a result of the inclusion of such unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Releasees or any of his subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Releasees or any of their subsidiaries or affiliates' cost reports, cost statements, or information reports.

d. Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Releasees' books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this

Paragraph.

17. This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 18 (waiver for beneficiaries paragraph), herein.

18. Releasees agree that they waive and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

19. Within thirty (30) days of the Effective Date of this Agreement, the United States shall sign and file in the Civil Action a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(l), with prejudice as to the United States' claims for the Covered Conduct, pursuant to and consistent with the terms and conditions of this Agreement.

20. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

21. Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

22. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Southern District of Georgia. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

23. If a payment by Jeffrey Sponseller as required and described in Paragraph 4 above is not received within seven (7) business days of the date on which such payment is due, Sponseller shall be in default of his payment obligations ("Default"). The United States will provide written notice of the Default to Jeffrey Sponseller, who shall have the opportunity to cure such Default within seven (7) business days from the date of receipt of the notice. If Jeffrey Sponseller fails to cure such Default within seven (7) business days of receiving the notice of Default, the remaining unpaid balance of the Settlement Amount shall become immediately due and payable, and interest shall accrue at the rate of 5% per annum compounded daily from the date of Default on the remaining unpaid total (principal and interest balance), and this Agreement shall constitute a Consent Judgment in the amount of the unpaid balance, enterable as a judgment in favor of the United States. Execution of Judgment shall be governed by the laws of the United States. Post-judgment interest shall accrue at the legal rate pursuant to 28 U.S.C. § 1961(a) and shall be computed daily and compounded annually until paid in full.

24. Releasees and their agents, assigns and heirs hereby release and hold harmless the United States and any agents, servants and employees of the United States acting in their individual or official capacities, from any and all claims, demands, and causes of action which currently exist or which may arise as a result of the United States' investigation of this matter.

25. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

THE UNITED STATES OF AMERICA

DATED: July 30, 2015    BY: _____
Shannon H. Statkus
Assistant United States Attorney
United States Attorney's Office
Southern District of Georgia

<u>JEFFREY SPONSELLER, D.O. - DEFENDANT</u>

DATED: 7-23-15      BY: _____
                         JEFFREY SPONSELLER, D.O.

DATED: 7/27/15      BY: _____
                         RICHARD R. MEHRHOF, JR.
                         Counsel for Jeffrey Sponseller, D.O.

<u>EYE CARE ONE AND S&H EYE CARE ONE</u>

DATED: 7/27/15      BY: _____
                         EYE CARE ONE

DATED: 7/27/15      BY: _____
                         S&H EYE CARE ONE

DATED: 7/27/15      BY: _____
                         TRACIE SPONSELLER, D.O.

DATED: 7/27/15      BY: _____
                         MATTHEW HAUBERT, D.O.

DATED: 29 Jul 15    BY: _____
                         BRUCE MALOY
                         Counsel for Eye Care One, PC, S&H Eye Care,
                         LLC, Tracie Sponseller, Matthew Haubert